[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11015
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cr-00058-MMH-JRK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD DALE BROOKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 15, 2016)

Before WILLIAM PRYOR, FAY, and EDMONDSON, Circuit Judges.

PER CURIAM:

After a jury trial, Richard Brooks appeals his convictions for knowingly receiving and possessing child pornography, in violation of 18 U.S.C. § 2252(a)(2), (a)(4)(B), for which he was sentenced to 95 months' imprisonment. No reversible error has been shown; we affirm.

I.

On appeal, Brooks challenges the denial of his motion to suppress evidence seized pursuant to a search warrant. In support of his motion to suppress, Brooks contends (1) the search warrant was unconstitutionally overbroad; and (2) the search warrant was executed unreasonably because the government failed to return Brooks's property within a reasonable time.

In considering the district court's denial of a motion to suppress, we review fact determinations for clear error and application of law to the facts de novo. United States v. Boyce, 351 F.3d 1102, 1105 (11th Cir. 2003). We construe all facts in the light most favorable to the prevailing party below. Id.

2

A.

The Fourth Amendment requires a search warrant to describe particularly the place to be searched and the things to be seized. U.S. Const. amend. IV. A search warrant's "description is sufficiently particular when it enables the searcher reasonably to ascertain and identify the things to be seized." United States v. Santarelli, 778 F.2d 609, 614 (11th Cir. 1985). We apply the Fourth Amendment's particularity requirement "with a practical margin of flexibility, depending on the type of property to be seized." United States v. Wuagneux, 683 F.2d 1343, 1349 (11th Cir. 1982). Thus, in determining the sufficiency of a warrant's description, we consider whether the description "is as specific as the circumstances and nature of activity under investigation permit." Id.; see also United States v. Blum, 753 F.2d 999, 1001 (11th Cir. 1985) (search warrant for "miscellaneous merchandise fraudulently obtained" was sufficiently specific where probable cause existed to believe defendants possessed merchandise obtained by fraud but the government "did not know precisely what the merchandise was or from whom it had been obtained.").

We reject Brooks's contention that the search warrant was unconstitutionally overbroad. In an introductory paragraph, the search warrant stated that probable cause existed to believe that a computer or other digital device at Brooks's

3

residence was being used knowingly to possess child pornography, in violation of Florida's child pornography statutes. The search warrant then set forth a detailed list of items-to-be-seized, including computer hardware, software, and digital storage devices.

That some of the descriptions of the items-to-be-seized contained no express reference to child pornography or to the exploitation of children fails to render the search warrant impermissibly overbroad. When read within the context of the entire warrant, the descriptions are sufficiently particular to enable officers to "reasonably ascertain and identify the things to be seized" as being only those items pertinent to an investigation related to child pornography. Given that child pornography images may be stored anywhere on a computer or digital device, the search warrant in this case was "as specific as the circumstances and nature of activity under investigation [would] permit." See Wuagneux, 683 F.2d at 1349. Moreover, nothing requires a search warrant to contain a "search protocol" specifying the computer files subject to being searched. See United States v. Khanani, 502 F.3d 1281, 1290 (11th Cir. 2007).[1]

---

[1] We also agree with the district court's alternative ground for denying Brooks's motion: the good-faith exception. Nothing evidences that the officers' search exceeded the scope of the warrant's authorization, that the warrant was obtained improperly, or that "a reasonably well trained officer would have known that the search was illegal despite the [search warrant's] authorization." See United States v. Leon, 104 S. Ct. 3405, 3420 n.23 (1984); United States v. Travers, 233 F.3d 1327, 1330-31 (11th Cir. 2000).

B.

Brooks contends that the government violated his Fourth Amendment rights by holding his non-contraband property for over ten months. As a result, Brooks argues he was entitled to suppression of all evidence obtained pursuant to the search warrant.[2]

Exclusion of evidence is an "extreme sanction" to be used only as a "last resort." Herring v. United States, 129 S. Ct. 695, 700 (2009). A Fourth Amendment violation, in and of itself, does not require necessarily the exclusion of evidence. Id. "To trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system." Id. at 702. "[T]he exclusionary rule serves to deter deliberate, reckless, or grossly negligent conduct." Id.

The record shows that Brooks's property was seized, pursuant to a search warrant, on 2 August 2012. The government began its forensic examination of Brooks's computer files five days later and completed the examination in mid-

---

[2] In support of his argument, Brooks relies mainly on two cases: United States v. Mitchell, 565 F.3d 1347 (11th Cir. 2009), and United States v. Laist, 702 F.3d 608 (11th Cir. 2012). These cases, however, involve the reasonableness of the government's delay in obtaining a search warrant after evidence had already been seized without a warrant. Mitchell and Laist say nothing about the circumstances in which a delay in returning property seized lawfully pursuant to a search warrant may trigger the exclusionary rule.

December 2012.  On 26 April 2013, Brooks filed a motion for return of all property seized during the search, pursuant to Fed.R.Crim.P. 41(g).[3]  The district court granted Brooks's motion on 7 June 2013, ordering the return of all property "not commingled with contraband and that can be located with Defendant's assistance."  The government complied with the court's order by 17 June 2013.

On this record, Brooks has failed to demonstrate that the government engaged in "deliberate, reckless, or grossly negligent conduct."  The government acted with reasonable diligence in conducting its forensic examination.  The government also returned Brooks's requested non-contraband property within a reasonable time after the district court granted Brooks's Rule 41(g) motion.  Thus, even if the government's retention of Brooks's property constituted some Fourth Amendment violation -- which we reject -- the facts of this case do not rise to the level necessary to justify the "extreme sanction" of exclusion.  The district court committed no error in denying Brooks's motion to suppress.

II.

Brooks next challenges the district court's denial of his motion for an acquittal on Counts One through Five, which charged Brooks with receipt of five

---

[3] Brooks made no request -- formal or informal -- for the return of his property before this date.

named files containing child pornography. Brooks argues that insufficient evidence existed that he "knowingly received" the charged images.

"We review de novo a district court's denial of judgment of acquittal on sufficiency of evidence grounds." United States v. Rodriguez, 732 F.3d 1299, 1303 (11th Cir. 2013). In determining the sufficiency of the evidence, "we consider the evidence in the light most favorable to the government, drawing all reasonable inferences and credibility choices in the government's favor." Id. We will not overturn a jury's verdict unless no "reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." Id.

To obtain a conviction for receiving child pornography, the government must prove, among other things, that the defendant "knowingly receive[d]" child pornography through means affecting interstate commerce, "including by computer." 18 U.S.C. § 2252(a)(2). A person "knowingly receives" child pornography by viewing, acquiring, or accepting intentionally child pornography on a computer from an outside source. United States v. Pruitt, 638 F.3d 763, 766 (11th Cir. 2011) (interpreting substantively identical child pornography offense in 18 U.S.C. § 2252A).

The government may use circumstantial evidence to prove that pornography was obtained via the internet. United States v. Dodds, 347 F.3d 893, 900 (11th Cir.

2003) (evidence that images on defendant's computer were traded frequently on the internet and that defendant had access to and was familiar with the internet was sufficient to support the jury's finding that the images were obtained using the internet).  We have also concluded that "[e]vidence that a person has sought out -- searched for -- child pornography on the internet and has a computer containing child-pornography images . . . can count as circumstantial evidence that a person has 'knowingly receive[d]' child pornography."  Pruitt, 638 F.3d at 766.

Evidence presented at trial showed that Brooks was familiar with and used regularly file-sharing software to search for and to receive pornography.  Brooks explained to officers that, when he wanted to keep a file, he would move it from the file-sharing download folder into a user-created folder on his computer.  Brooks also admitted that he had downloaded inadvertently child pornography in the past, but he claimed he always deleted those files immediately.  Yet, Brooks's computer contained several images of child pornography (including the five charged files) that were saved in user-created folders.  These images were titled using terms commonly used to identify child pornography images on the internet.  Evidence also showed that child pornography files had been made available on peer-to-peer networks from Brooks's IP address and that Brooks had used a search term indicative of child pornography.  On this record, the government presented

sufficient circumstantial evidence to allow the jury to infer that Brooks received knowingly the charged images via the internet.[4]

Brooks argues that he was entitled to judgment of acquittal based on evidence that Brooks possessed a CD containing the five charged images that pre-dated the files on his computer and based on testimony that the government's forensic expert could not confirm that Brooks downloaded the charged images from the internet.  That this evidence might support a reasonable hypothesis of innocence, however, is not enough: "the issue is not whether a jury reasonably could have acquitted but whether it reasonably could have found guilt beyond a reasonable doubt."  See United States v. Jiminez, 564 F.3d 1280, 1285 (11th Cir. 2009) (emphasis added).  Brooks failed to show that no reasonable jury could have found him guilty; we affirm the district court's denial of the motion for judgment of acquittal.

III.

Brook next challenges the denial of his motion to dismiss Count Six of the indictment, which charged Brooks with transportation of child pornography.[5]  We

---

[4] We reject Brooks's contention that the jury had to stack inferences impermissibly to reach a guilty verdict; the circumstantial evidence of Brooks's knowing receipt of child pornography was ample.

9

review the sufficiency of an indictment de novo.  United States v. Pena, 684 F.3d 1137, 1147 (11th Cir. 2012).

In charging Brooks with knowingly transporting child pornography, the indictment cited to and tracked the language of 18 U.S.C. § 2252(a)(1)(B) and (b)(1).  Because the indictment (1) set forth the essential elements of the charged offense; (2) provided Brooks with adequate notice of the charge; and (3) enabled Brooks to rely upon the resulting judgment for purposes of double jeopardy, we conclude it was sufficient.  See id.

That the indictment identified no intended or actual recipient of the charged images does not render the indictment insufficient: the identity of the alleged recipient is no element of the offense.  See 18 U.S.C. § 2252(a)(1)(B); United States v. Crippen, 579 F.2d 340, 342 (5th Cir. 1978) (an indictment need not allege factual details beyond the essential elements of the charged offense).  Moreover, although the indictment specified no exact time of the alleged offense, it included sufficient details -- including the date of the alleged transport and name of the file allegedly shared -- to protect Brooks from double jeopardy.  See United States v. Steele, 178 F.3d 1230, 1234-35 (11th Cir. 1999).

AFFIRMED.

---

[5] The jury acquitted Brooks of the transportation charge and convicted him, instead, of the lesser-included offense of possession of child pornography.

10