[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-10453

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL DAVID HARRISON,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cr-00252-WWB-GJK-1

_____

Before WILSON, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant Michael Harrison appeals his conviction for knowingly transporting child pornography and his resulting 292-month sentence. On appeal, Harrison argues that the district court abused its discretion during his trial by not instructing the jury on possession of child pornography, which he claims was a lesser-included offense. Next, he argues that he received ineffective assistance of trial counsel in violation of the Sixth Amendment. He also argues that the district court abused its discretion by imposing a sentence that is both procedurally and substantively unreasonable. After careful review, we conclude that the district court did not abuse its discretion either in instructing the jury or in sentencing Harrison. We decline to address Harrison's ineffective assistance claim on direct appeal. For the following reasons, we affirm in part and dismiss in part.

## I.    BACKGROUND

### A.    Harrison's Arrest and Trial

This case began with an inspection by customs officials after Harrison returned to the United States from a cruise. As part of this inspection, the customs officials examined Harrison's laptop computer. The examination revealed several videos that included child pornography. A DHS agent then conducted an interview with Harrison. Harrison told the DHS agent that he had traveled from

Nevada to Florida to go on the cruise. During the interview, the DHS agent told Harrison that customs officials had found child pornography on his computer. Harrison expressed no surprise at this information. At some point afterward, he admitted to downloading the videos onto his computer.

A grand jury indicted Harrison for one count of transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1). Before trial, both Harrison and the government jointly proposed that the district court instruct the jury according to the Eleventh Circuit's pattern jury instruction for the transportation of child pornography. Harrison then filed additional proposed jury instructions, requesting that the district court instruct the jury using the Eleventh Circuit's special instruction for a lesser-included offense, the instruction on receiving, possessing, or distributing child pornography, and the special instruction for possession of child pornography.

At trial, a customs agent testified that she had discovered child pornography on Harrison's laptop. The government presented evidence that Harrison traveled from Nevada to Arizona and then to Florida. Before closing arguments, Harrison requested that the jury receive instructions on "the lesser included offense of possession of child pornography." Doc. 119 at 60.[1] The government opposed the request, arguing that a jury could not rationally find that Harrison knowingly possessed child pornography but did

---

[1] "Doc." numbers refer to district court docket entries.

not knowingly transport it. The district court denied Harrison's request to include the instruction because it did not believe that possession of pornography was "a lesser included offense in the context of this case." *Id.* at 67. At the conclusion of the trial, the jury found Harrison guilty of transporting child pornography.

## B.    Harrison's Sentencing

Before Harrison's sentencing, a probation officer prepared a Presentence Investigation Report ("PSR"). The probation officer determined that Harrison's base offense level was 22 under U.S.S.G. § 2G2.2(a)(2). Harrison received a two-level increase under § 2G2.2(b)(2) because his offense involved material depicting a minor under the age of twelve. The probation officer then applied a four-level increase under § 2G2.2(b)(4) because the material portrayed sadistic or masochistic conduct. Next, the probation officer added a five-level increase under § 2G2.2(b)(5) because Harrison previously had been convicted of sexually abusing children. The probation officer also added a two-level increase under § 2G2.2(b)(6) because Harrison used his laptop to commit the offense. Finally, the probation officer applied a five-level increase because the offense involved more than 600 images. The probation officer calculated Harrison's total offense level as 40.

The probation officer assigned Harrison a criminal history score of four, resulting in a criminal history category of III. The probation officer based this score on Harrison's 2009 conviction for three counts of oral copulation with a person under 16, two counts of lewd act on a child, and one count of meeting with a minor for

lascivious acts and Harrison's 2013 conviction for theft. The PSR also listed several other arrests from the late 1980s and early 1990s.

Based upon Harrison's total offense level and his criminal history category, the probation officer determined under U.S.S.G. § 5G1.1(a) that Harrison's guideline imprisonment range was 360 months to life. This exceeded the statutory maximum for Harrison's offense, which was 40 years. Thus, Harrison's guideline range became 360 to 480 months. The probation officer recommended a sentence of 400 months.

At sentencing, Harrison made no objections to any of the facts in the PSR or to the PSR's application of the Sentencing Guidelines, so the Court adopted this information. During his allocution, Harrison stated that he had gone to trial because the government offered him no plea deal. The district court then asked him whether he had considered "pleading straight up." Doc. 120 at 10. Harrison replied that he was unaware he had that option. Harrison then stated that if he had known he could have pled guilty earlier, "we probably wouldn't be sitting here right now." *Id.* at 11. The district court asked Harrison's attorney whether she had explained to Harrison that he could plead guilty without an offer from the government. Harrison's attorney responded that she normally discussed with her clients that taking responsibility would impact sentencing and that she recalled generally talking about that with Harrison. She also said she "was under the impression" that Harrison understood he could plead guilty without a plea deal. *Id.* at 29.

The district court asked Harrison whether he had discussed pleading guilty with his attorney. Harrison stated that he could not recall. He then stated that he had never spoken with his attorney about pleading guilty without a plea deal with the government. Harrison further stated that his attorney showed him a chart with his possible sentencing ranges, but he did not know that if he lost at trial, he would face 30 to 40 years in prison. Harrison reiterated that he probably would have pled guilty without a plea deal if he had known it was an option. Shortly afterward, he told the district court that the government misled the jury by presenting an edited version of one of his interviews.

After listening to Harrison and his attorney, the district court had "some concerns that perhaps Mr. Harrison may not have been fully aware that he could plead to the Court and get that acceptance of responsibility." *Id.* at 50. The district court granted a two-level deduction for acceptance of responsibility to "resolve" any miscommunication between Harrison and his attorney about Harrison's ability to plead guilty. *Id.* This deduction reduced Harrison's total offense level to 38, resulting in a guideline range of 292 to 365 months' imprisonment.

In considering Harrison's sentence, the Court noted that Harrison was a good son who had a lot of good qualities, but the district court had "some real concerns" that he was a convicted sex offender. *Id.* at 52. The district court sentenced Harrison to 292 months in prison. The district court stated that it had considered the advisory sentencing guidelines and the factors identified in 18

U.S.C. § 3553 and found the sentence to be sufficient but not greater than necessary to meet the purposes set forth in 18 U.S.C. § 3553(a)(2). Harrison did not object to his sentence.

Harrison appealed his sentence to this Court.

## II.    STANDARD OF REVIEW

Multiple standards of review govern this case. "We review a district court's refusal to give a requested instruction for abuse of discretion." *United States v. Gutierrez*, 745 F.3d 463, 469 (11th Cir. 2014). "We will leave undisturbed a district court's ruling unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *United States v. Whitman*, 887 F.3d 1240, 1246 (11th Cir. 2018) (alterations adopted) (internal quotation marks omitted). Next, "[w]e will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim nor develop a factual record." *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). Lastly, we review the reasonableness of a sentence for abuse of discretion. *United States v. Taylor*, 997 F.3d 1348, 1352 (11th Cir. 2021).

## III.    ANALYSIS

Harrison raises three issues on appeal. First, he contends that the district court abused its discretion by declining to instruct the jury on the offense of possession of child pornography. Second, he argues that he received ineffective assistance of counsel in violation of the Sixth Amendment. Third, he asserts that the district court

abused its discretion in sentencing him to 292 months in prison because the sentence is both procedurally and substantively unreasonable. We address these issues in turn.

## A.    The District Court's Jury Instructions

Before trial, Harrison requested that the district court instruct the jury on possession of child pornography under 18 U.S.C. § 2252A(5)(B), which he claimed was a lesser-included offense of transportation of child pornography. A "lesser-included offense is one that has elements that are a subset of the elements of a more serious crime." *United States v. Colston*, 4 F.4th 1179, 1189 (11th Cir. 2021). Harrison contends that the district court abused its discretion by not instructing the jury on possession of child pornography.

To show that the district abused its discretion, Harrison must satisfy a two-part test. *United States v. Williams*, 197 F.3d 1091, 1095 (11th Cir. 1999). "First, he must show that the charged offense encompasses all of the elements of the lesser offense (the 'elements' test)." *Id.* "Second, he must establish that the district court abused its discretion in failing to give the instruction" because "the evidence would permit the jury rationally to acquit the defendant of the greater, charged offense and convict him of the lesser." *Id.* Harrison cannot satisfy this burden.

The first part of the inquiry—the elements test—requires us to examine the elements for transportation of child pornography and the elements of possession of child pornography. Under 18

U.S.C. § 2252A(a)(1), a person is guilty of transportation of child pornography if the government proves he "knowingly mail[ed], or transport[ed] or ship[ped] using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, any child pornography." 18 U.S.C. § 2252A(a)(1). To be convicted for possession of child pornography, the government must prove that a person "knowingly possesse[d], or knowingly accesse[d] with intent to view" media "that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce." *Id.* § 2252A(a)(5)(B). In *United States v. Little*, we examined 18 U.S.C. § 2252, which contains very similar statutory language to 18 U.S.C. § 2252A. 864 F.3d 1283, 1288 n.1 (11th Cir. 2017); *compare* 18 U.S.C. § 2252A *with* 18 U.S.C. § 2252. That case is instructive.

In a footnote in *Little*, we addressed whether an individual's conviction for both possession and transportation of child pornography under § 2252 violated the Fifth Amendment's Double Jeopardy Clause. *Little*, 864 F.3d at 1288 n.1. We first noted that the Double Jeopardy Clause is only implicated "when one act is a lesser included offense of the other." *Id.* (internal quotation marks omitted). We then stated that the transportation and possession offenses "each required proof of a fact that the other did not." *Id.* Specifically, the transportation offense required the government to show that the individual transported the child pornography

through interstate commerce. *Id.* In contrast, the possession offense required the government show that the individual possessed pornography "that had already been transported using a means or facility of interstate commerce." *Id.* (emphasis omitted). The Court concluded that the possession offense was not a lesser-included offense.

Although *Little* involved a Double Jeopardy question, answering the question required us to determine whether possession of child pornography is a lesser-included offense to transportation of child pornography, the same issue before us here. Under § 2252A(a)(1), to be convicted of transportation of child pornography an individual has to mail, transport or ship child pornography through any means of interstate commerce. 18 U.S.C. § 2252A(a)(1). In contrast, to be convicted of possession of child pornography under § 2252A(a)(5)(B) a person must possess child pornography "that has been" mailed, shipped, or transported by means of interstate commerce. *Id.* § 2252A(5)(B). Thus, here, just like in *Little*, § 2252A's transportation offense does not encompass all the elements of the possession offense. Because Harrison cannot establish the elements-test portion of the two-part inquiry, his jury instruction argument must fail.

Harrison's reliance on the unpublished, nonbinding case of *United States v. Brooks*, 648 F. App'x 791 (11th Cir. 2016), does not change our view. In that case, a panel of this Court reviewed a district court's decision not to dismiss a transportation of pornography charge. *Brooks,* 648 F. App'x at 795–96. In a one-sentence

footnote, the panel stated, "The jury acquitted [the defendant] of the transportation charge and convicted him, instead of the lesser-included offense of possession of child pornography." *Id.* at 796 n.5.

Although the statement in *Brooks* suggests that the panel viewed possession as a lesser-included offense, we are not persuaded. In *Brooks,* there was no issue of whether the district court appropriately instructed the jury on possession, so the panel had no reason to examine that question. In addition, the case provided no explanation for why possession of child pornography is a lesser offense to transportation of child pornography. Without an explanation, *Brooks* does nothing to persuade us that possession is a lesser-included offense even though it fails the elements test.

For these reasons, we conclude that the district court did not abuse its discretion in declining to instruct the jury on the offense of possession of child pornography.

## B.    Ineffective Assistance of Counsel

Harrison also argues that he received ineffective assistance of counsel. Specifically, he argues that his trial counsel never advised him that he could plead guilty even though the government offered no plea deal. We decline to address this claim in this direct appeal.

"Generally, we do not review an ineffective assistance of counsel claim raised on direct appeal" unless "the district court has entertained the claim" and sufficiently developed the record. *United States v. Smith*, 983 F.3d 1213, 1220 (11th Cir. 2020). Filing

a motion to vacate sentence under 28 U.S.C. § 2255 is the preferred method for bringing an ineffective assistance of counsel claim even when the record provides some indication that an attorney's performance was deficient. *United States v. Patterson*, 595 F.3d 1324, 1328–29 (11th Cir. 2010). A hearing on a § 2255 motion provides counsel whose performance is at issue the opportunity to testify and explain "whether a seemingly unusual or misguided action by counsel had a sound strategic motive or was taken because the counsel's alternatives were even worse." *Massaro v. United States*, 538 U.S. 500, 505 (2003).

In this case, the record is unclear about what Harrison knew about his ability to plead guilty. There is some evidence that Harrison's attorney did not inform him that he could plead guilty without an offer from the government. Harrison told the district court that he did not receive this information from his attorney. But Harrison also told the district court that his attorney presented him with a chart showing the different possible sentencing ranges he could receive. Harrison's attorney told the district court that she thought Harrison knew that he could plead guilty.

Moreover, in his sentencing hearing, Harrison did not make clear that he would have pled guilty if he had known he could. Harrison told the district court several times only that he *probably* would have pled guilty. At one point during the hearing, he informed the district court that he would have pled guilty. But shortly after saying this, Harrison appeared to contest his guilt by disputing evidence that the government presented against him at

trial. Based upon all these facts, it is unclear what Harrison knew about his ability to plead guilty and whether he would have pled guilty absent a plea offer if he had known that he could.

Given the insufficiently developed record in this case, a district court is in a much better position to decide these questions upon the filing of a § 2255 motion. *See United States v. Khoury*, 901 F.2d 948, 969 (11th Cir. 1990) (holding that the record was insufficiently developed to address the ineffective assistance of counsel claim and dismissing without prejudice). Thus, we dismiss this claim without prejudice to any remedy Harrison may have under § 2255.

## C.    The Procedural and Substantive Reasonableness of Harrison's Sentence

Harrison next argues that his sentence is procedurally and substantively unreasonable. He asserts that his sentence is procedurally unreasonable because the district court should have reduced his offense level by three points instead of two points for acceptance of responsibility. He also contends that his sentence was substantively unreasonable because the district court placed too much weight on his prior conviction. We find neither argument persuasive.

As to Harrison's procedural unreasonableness argument, the Sentencing Guidelines provide that a district court may reduce a defendant's offense level by two points if "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G.

§ 3E1.1(a). The district court also may deduct an additional point off the defendant's offense level for accepting responsibility if the government files a motion "stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct." *Id.* § 3E1.1(b). The district court applied the two-level reduction because it had concerns about whether Harrison knew he could plead guilty. Harrison argues that the district court erred by not granting the additional one-level reduction as well. In response, the government argues that because it did not move for Harrison to receive the additional one-point reduction, the district court could not grant it.

We recently examined U.S.S.G. § 3E1.1(b) in *United States v. Johnson*, 980 F.3d 1364 (11th Cir. 2020). In *Johnson*, the defendant pled guilty, but the government did not move for the one-level sentence reduction because the defendant had obstructed justice by talking to a potential witness before agreeing to plead guilty. *Johnson*, 980 F.3d at 1372. On appeal, the defendant argued that the district court erred by not forcing the government to move for the reduction. *Id.* at 1378. We reviewed the district court's decision for plain error because the defendant did not object to it at sentencing. *Id.* After reviewing caselaw from our sister circuits, we determined that the government could not base its refusal to move for a one-level reduction on a defendant's decision to retain her appellate rights. *Id.* at 1385. We then concluded that the law did not clearly foreclose the government from giving any other reason to refuse moving for the reduction. *Id.* We affirmed the defendant's

sentence because "the district court did not plainly error by failing to *sua sponte* require the [g]overnment to move for the additional one-level reduction, notwithstanding [d]efendant's obstruction of justice." *Id.*

In this case, Harrison did not object to the district court's failure to apply the additional one-level reduction for accepting responsibility. Thus, like in *Johnson*, we apply plain error review. "'Plain' error means that the legal rule is clearly established at the time the case is reviewed on direct appeal." *United States v. Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015). Under *Johnson*, the government cannot base its refusal to move for a one-level reduction on the defendant's decision to retain her appellate rights, but "nothing else is clear" as to "what other grounds can justify the Government's refusal to make a § 3E1.1(b) motion." *Johnson*, 980 F.3d at 1385. Moreover, Harrison points to no caselaw establishing that a district court must apply the additional one-level reduction for acceptance of responsibility when a defendant indicates that he did not understand that he could plead guilty. For these reasons, the district court did not plainly error by failing to apply the additional one-level reduction.

Harrison also argues that his sentence was substantively unreasonable because the "court weighed too heavily Mr. Harrison's prior convictions" and did not appropriately account for his remorse or his "personal history and characteristics." Appellant Br. at 52. Again, we disagree.

The district court must impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, sufficiently punish the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). "A district court abuses its considerable discretion and imposes a substantively unreasonable sentence only when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (internal quotation marks omitted). Though we "commit[] to the sound discretion of the district court the weight to be accorded to each § 3553(a) factor," *United States v. Perkins*, 787 F.3d 1329, 1342 (11th Cir. 2015), the "district court's unjustified reliance on any one Section 3553(a) factor may be a symptom of an unreasonable sentence," *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

The district court sentenced Harrison to 292 months in prison. In determining Harrison's sentence, the district court expressed concern that he was a convicted sex offender. The district court also took into account that Harrison was a good son and acknowledged that several individuals described him favorably in letters. In addition, the district court stated that it had considered all the § 3553 factors to impose a sentence that was "sufficient but

not greater than necessary to comply with the statutory purposes of sentencing." Doc. 120 at 59. Harrison fails to show how the district court abused its discretion in weighing these factors.

Harrison's sentence is well below the statutory maximum of 480 months, which "is an indicator of reasonableness." *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020). His sentence is also at the low end of his guideline range. And we "ordinarily expect that a sentence within the [g]uidelines is reasonable." *United States v. Whyte*, 928 F.3d 1317, 1338 (11th Cir. 2019).

We conclude that Harrison's sentence was within the range of reasonable sentences dictated by the facts of the case. The district court did not abuse its discretion in sentencing Harrison to 292 months.

## IV.    CONCLUSION

For the above reasons, we dismiss Harrison's appeal to the extent that he claims he received ineffective assistance of counsel. As to his other challenges, we affirm.

**AFFIRMED IN PART, DISMISSED IN PART.**