[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10664

_____

D.C. Docket No. 8:15-cr-00090-SCB-MAP-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES DALE LITTLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 28, 2017)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and DUBINA, Circuit
Judges.

ED CARNES, Chief Judge:

While in Texas, James Dale Little received and opened on his smartphone an

email containing child pornography.  He didn't delete it.  After Little moved from

Texas to Tampa, Florida, he used that same email account (which contained the email he received in Texas) to send at least one email containing child pornography.  He was convicted of possessing and transporting child pornography.  This appeal is primarily about whether Little possessed child pornography while in Tampa, and whether it was proper to try him there for that crime.

## I.    BACKGROUND

On December 21, 2012, Little received multiple emails from an account registered to Ricky Tulbert, including one email that contained 20 different photographs of child pornography.  Little was in Texas at the time he opened that email and its child pornography attachments.

On December 26, 2012, Little moved from Texas to Tampa, Florida, to work on a shrimp boat.  Before leaving to go on a shrimping excursion, and while still in Tampa, Little emailed back and forth with a man named Dominic Hall:

> 12/27/2012 at 3:55 PM:  From Little to Hall
> "Hey what's up"
>
> 12/27/2012 at 8:24 PM:  From Hall to Little
> "chillin and u"
>
> 12/27/2012 at 8:42 PM:  From Little to Hall
> "Same just move to Tampa"
>
> 12/27/2012 at 10:18 PM:  From Little to Hall
> "U get any more pictures"
>
> 12/30/2012 at 3:14 PM:  From Little to Hall
> "Hey got some"

2

12/31/2012 at 10:21 PM:  From Hall to Little
"Yeah I got more hbu [which means 'how about you']"

Little left Tampa on the shrimp boat on January 2, 2013, and he returned on January 25.  At 4:07 A.M. on January 26, 2013, Little responded to Hall's December 31 email, attaching a photograph of child pornography.  He later told a federal investigator that he had received that picture in an earlier email and had forwarded it to Hall soon after receiving it.

Little was charged with transporting child pornography "[o]n or about January 26, 2013, at approximately 4:07 am" (the transportation count), in violation of 18 U.S.C. § 2252(a)(1), and with possessing "one or more" depictions of child pornography "[f]rom on or about December 21, 2012, and continuing through at least on or about January 26, 2013" (the possession count), in violation of 18 U.S.C. § 2252(a)(4)(B).  Before trial, Little filed a motion to dismiss both counts for improper venue, as well as a motion to sever the transportation count from the possession count.  The district court denied both motions, and Little proceeded to trial.  At the close of the government's case in chief, he moved for judgment of acquittal as to the possession count.  The district court denied that motion and, after Little elected not to testify or call any witnesses, the jury found him guilty of both crimes.

3

The presentence investigation report (PSR) calculated a United States Sentencing Guidelines base offense level of 22 and applied (1) a five-level enhancement under U.S.S.G. § 2G2.2(b)(3)(B) for distributing child pornography with the expectation of receiving other child pornography in exchange; and (2) a two-level enhancement under § 2G2.2(b)(6) because the offenses involved the use of a computer. See U.S.S.G. § 2G2.2 (2015). Little objected to the application of both enhancements. At the sentence hearing the district court overruled those objections and calculated an advisory guidelines range of 262 to 327 months imprisonment. It then varied downward and imposed a sentence of 240 months imprisonment on the transportation count to run concurrently with a term of 120 months imprisonment on the possession count. This is Little's appeal.

## II.    DISCUSSION

### A. The Possession Conviction

Little contends that the evidence on the possession count was insufficient to establish that venue was proper in the Middle District of Florida and, as a result, the district court erred in denying (1) his motion for judgment of acquittal on the possession count, (2) his motion to dismiss the possession count, and (3) his motion to sever the possession count from the transportation count. He bases all three contentions on his theory that the possession count was based solely on the

pornography attached to the December 21 email and that no evidence showed that he opened that email's attachments while he was in the Middle District of Florida.

We address first Little's argument that the district court erred by denying his motion for judgment of acquittal on the possession count because venue was improper. "We review de novo a district court's denial of a motion for judgment of acquittal, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences in favor of the jury's verdict." United States v. Hough, 803 F.3d 1181, 1187 (11th Cir. 2015).

"The Constitution, the Sixth Amendment, and Rule 18 of the Federal Rules of Criminal Procedure guarantee defendants the right to be tried in the district in which the crime was committed." United States v. Breitweiser, 357 F.3d 1249, 1253 (11th Cir. 2004). But "venue need only be proved by a preponderance of the evidence as opposed to beyond a reasonable doubt." United States v. Rivamonte, 666 F.2d 515, 517 (11th Cir. 1982). The indictment alleged that the crimes occurred in the Middle District of Florida, which includes the Tampa area, and Little was tried there. The jury was properly charged that in order to convict it had to find by a preponderance of the evidence that the crime occurred in the Middle District of Florida, and the verdict convicting Little of both counts shows the jury did find that. Little contends there was insufficient evidence for the jury to find that he possessed the December 21 email attachments of child pornography in

Tampa because no evidence showed that he opened that email or its attachments while there.

Little's logic lacks luster. We reject his position for two independently adequate reasons. First, regardless of whether and where Little possessed the images attached to the December 21 email, a reasonable jury could have found that he possessed other child pornography while in Tampa, Florida. The jury could have reasonably found that Little possessed the other image of child pornography that he emailed to Hall on January 26 because when he emailed it he necessarily possessed it.[1] Little does not and cannot plausibly contend that venue was

---

[1] Little's conviction for possessing the image contained in the January 26 email attachment — which the jury reasonably could have based on the evidence showing that he, at a minimum, possessed it when he emailed it to Hall — does not violate the Fifth Amendment's Double Jeopardy Clause because he was also convicted of transporting that image. The Double Jeopardy Clause, which prohibits multiple punishments for the same offense, "is implicated when both statutes prohibit the same act or transaction or when one act is a lesser included offense of the other." United States v. Bobb, 577 F.3d 1366, 1371 (11th Cir. 2009). It does not apply when each offense "requires proof of a fact which the other does not." Id. at 1372 (quotation marks omitted).

The transportation offense and the possession offense each required proof of a fact that the other did not. To convict Little of the transportation offense, the government was required to prove that he "knowingly transport[ed] or ship[ped]" the pornography "using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer or mails." 18 U.S.C. § 2252(a)(1). To convict Little of the possession offense, the government was required to prove that the child pornography, by the time Little possessed it, "ha[d] been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer." 18 U.S.C. § 2252(a)(4)(B). While the transportation offense required the government to prove that Little used a means or facility of interstate commerce to satisfy the transportation element of the crime, the possession offense required the government to prove that Little possessed pornography that had already been transported using a means or facility of interstate commerce. Because each offense required the government to prove a fact that the other did not, the Double Jeopardy Clause was not violated.

6

improper as to his possession of the January 26 child pornography.  To the contrary, the unrebutted evidence showed that he was in Tampa on January 26 when he possessed and emailed that pornography to Hall.  For that reason, the evidence was sufficient for the jury to find that venue was proper in the Middle District of Florida as to the possession count, and the district court did not err by denying Little's motion for judgment of acquittal.  And for the same reason, the district court did not err in denying Little's motion to dismiss the possession count for improper venue.

The second independently adequate reason we reject Little's position is that he possessed in Tampa the depictions attached to the December 21 emails. The government can establish possession "by proof of 'either actual or constructive' possession." United States v. Glover, 431 F.3d 744, 748 (11th Cir. 2005) (citation omitted).  "Actual possession exists when a person has direct physical control over a thing." Henderson v. United States, 575 U.S. ___, 135 S. Ct. 1780, 1784 (2015) (citation omitted).  "Constructive possession is established when a person, though lacking such physical custody, still has the power and intent to exercise control over the object." Id.; accord United States v. Perez, 661 F.3d 568, 576 (11th Cir. 2011) (stating that constructive possession occurs when a defendant has the "power or right, and intention to exercise dominion and control").

7

At trial, the government introduced evidence that the data in Little's email account was stored on external servers. Little admits that he had the power to retrieve that data, including any images, from the servers. The evidence also establishes that while in Tampa Little had the intent to access the images attached to the December 21 email; he told Hall that he was interested in trading depictions, and he used that same email account to do so. The December 21 email was still in Little's account when the government executed its search warrant a year and a half after Little had first received it. Because while in Tampa Little had "the power and intent" to access the attached images, see Henderson, 135 S. Ct. at 1784, the jury reasonably could find that he constructively possessed them there even though he had received them in Texas and never actually accessed them while in Tampa.[2]

Along the same lines, we also reject Little's contention that the district court erred in denying his motion to sever the possession count from the transportation count. Because Little did not timely file his motion to sever in the district court, we review the district court's denial of that motion only for plain error. See United States v. Bowers, 811 F.3d 412, 421 (11th Cir. 2016). Under the plain error rule, we will reverse a district court's decision only if "there is: (1) error, (2) that is

---

[2] We do not hold or mean to imply that a defendant possesses child pornography simply because he has an electronic device through which he can access an email that has an image of it attached. Here there was also evidence from which a jury could reasonably find that Little, while in the district in which he was charged, had the intent to exercise active control over the attached images.

8

plain, and (3) that affects substantial rights, and if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Doyle, 857 F.3d 1115, 1118 (11th Cir. 2017) (quotation marks omitted).

Under Federal Rule of Criminal Procedure 8(a), "[t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged — whether felonies or misdemeanors or both — are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). The government properly charged the possession and transportation crimes in two separate counts in the indictment: both involved the same timeframe, the same email account, and were of the same or similar character because both involved child pornography. Cf. United States v. Hersh, 297 F.3d 1233, 1242 (11th Cir. 2002) (holding that charges for transporting a minor for the purpose of engaging in sexual activity were properly joined with charges for receiving and possessing child pornography because all of the charged counts "plainly represent[ed] acts of 'similar character' involving the extraordinary mistreatment of children").

Little contends, however, that even if the two crimes were properly charged in the same indictment under Rule 8(a), the risk of prejudice that arose from trying those two charges together was so high that separate trials were warranted under

Federal Rule of Criminal Procedure 14(a).  We will reverse a conviction based on a district court's failure to sever charged counts "only if the defendant 'received an unfair trial and suffered compelling prejudice.'"  United States v. Zitron, 810 F.3d 1253, 1258 (11th Cir. 2016) (quoting United States v. Walser, 3 F.3d 380, 386 (11th Cir. 1993)).  Joinder of the possession and transportation counts, which involved overlapping timelines and the same child pornography, did not result in compelling prejudice to Little.  The district court lessened any potential for prejudice by instructing the jury to "consider each crime and the evidence relating to it separately" and if it found Little guilty or not guilty of one crime, that finding "must not affect [the] verdict for the other crime."  See id. at 1258 (noting that similar instructions given to the jury "cured any error in trying the counts together").  "We have obediently followed and repeated the Supreme Court's direction that we presume juries follow their instructions."  United States v. Roy, 855 F.3d 1133, 1187 (11th Cir. 2017) (en banc).  The district court did not plainly err in denying Little's motion to sever.

## B.  Little's Sentence

Little also challenges his sentence, contending that the district court erred in applying (1) the five-level enhancement for distributing child pornography with the expectation of receiving a thing of value, and (2) the two-level enhancement for the use of a computer in connection with his charged offenses.  We review for

10

clear error a district court's findings of fact, and we review de novo its application of the guidelines.  United States v. Rendon, 354 F.3d 1320, 1329 (11th Cir. 2003). "For a factual finding to be clearly erroneous, this court, after reviewing all of the evidence, must be left with a definite and firm conviction that a mistake has been committed."  United States v. Newman, 614 F.3d 1232, 1235 (11th Cir. 2010) (quotation marks omitted).  "The Government bears the burden of establishing by a preponderance of the evidence the facts necessary to support a sentencing enhancement."  United States v. Askew, 193 F.3d 1181, 1183 (11th Cir. 1999).

A five-level guidelines enhancement applies when the offense involved "[d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain."  U.S.S.G. § 2G2.2(b)(3)(B).  "[W]hen a defendant trades child pornography in exchange for other child pornography, the defendant has engaged in 'distribution for the receipt, or expectation of receipt, of a thing of value' as provided in [what is now § 2G2.2(b)(3)(B)]."  United States v. Bender, 290 F.3d 1279, 1286 (11th Cir. 2002).

Little contends that the evidence was insufficient for the district court to find that he emailed Hall the January 26 pornography with the expectation of receiving other child pornography in exchange.  At Little's sentence hearing, however, the government pointed to the email chain between Little and Hall that led to Little sending Hall the January 26 pornography:

12/27/2012 at 10:18 PM:  From Little to Hall
  "U get any more pictures"

12/30/2012 at 3:14 PM:  From Little to Hall
  "Hey got some"

12/31/2012 at 10:21 PM:  From Hall to Little
  "Yeah I got more hbu [which means 'how about you']"

 1/26/2013 at 4:07 AM:  From Little to Hall
  [Attachment of child pornography image]

The district court did not clearly err in finding that this email exchange showed by a preponderance of the evidence that Little sent Hall the pornography with the expectation that Hall would send him different child pornography in return.  It is apparent from those emails that both Little and Hall wanted to exchange child pornography, and when Little sent Hall child pornography he expected Hall to respond in kind.  The district court did not err in applying the five-level enhancement under § 2G2.2(b)(3)(B).

As for the two-level enhancement, it applies "[i]f the offense involved the use of a computer . . . for the possession, transmission, receipt, or distribution of the [pornography] material, or for accessing with intent to view the material." U.S.S.G. § 2G2.2(b)(6).  Little contends that applying that two-level enhancement was impermissible double counting because his base offense level fully accounted for his use of a computer.  We review de novo a claim of double counting.  United States v. Dudley, 463 F.3d 1221, 1226 (11th Cir. 2006).  "Impermissible double

12

counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." Id. at 1226–27 (quotation marks omitted).

Little's base offense level did not "fully account[ ] for" his use of a computer because the same base offense level for his transportation crime applied whether he used a computer or not. See 18 U.S.C. § 2252(a)(1) (making it a crime to "knowingly transport[ ] or ship[ ] using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer or mails" child pornography) (emphases added). Because use of a computer is not required for transportation of child pornography in violation of § 2252(a)(1), the base offense level applicable to Little because he committed that crime did not account for his use of a computer. See Dudley, 463 F.3d at 1226–27. For that reason, in a transportation case like this one where the child pornography was transported using a computer, application of a § 2G2.2(b)(6) enhancement for the use of a computer does not result in impermissible double counting.

Five of our sister circuits agree. See United States v. Kiefer, 760 F.3d 926, 931 (9th Cir. 2014) ("[T]he application of § 2G2.2(b)(6) does not result in impermissible double counting because the increase in a defendant's sentence for

13

use of a computer accounts for harm that is not fully reflected in the base offense level [applicable to § 2252(a)]."); United States v. Reingold, 731 F.3d 204, 226–27 (2d Cir. 2013) (holding that because the use of a computer enhancement "does not increase a defendant's sentence to reflect the kind of harm that has already been fully accounted for by the base offense level," the district court erred in finding that application of the enhancement resulted in impermissible double counting) (quotation marks omitted); United States v. Richardson, 713 F.3d 232, 237 (5th Cir. 2013) (noting that "the statutory language 'including by computer' does not require computer use to violate [18 U.S.C. § 2252A(a)'s prohibition of distribution of child pornography]: using a computer is just one example of a manner in which child pornography can be transmitted" and concluding that the district court did not engage in impermissible double counting by applying the use of a computer enhancement); United States v. Lewis, 605 F.3d 395, 403–04 (6th Cir. 2010) (holding that application of § 2G2.2(b)(6) did not result in impermissible double counting because the use of a computer was not "an element of the crime" [under 18 U.S.C. § 2252(a)(1)] that the base offense level fully accounted for); United States v. Tenuto, 593 F.3d 695, 698–99 (7th Cir. 2010) ("Because a defendant need not use a computer to violate [18 U.S.C. § 2252A(a)(1)'s prohibition of the transportation of child pornography], the fact that [he] used a computer becomes one of the offense characteristics that apply to his conduct. Thus, it does not

14

constitute double counting to use that fact to enhance his guidelines.") ( citation omitted).  We make it six.

## III.    CONCLUSION

The district court did not err by denying Little's motion for judgment of acquittal as to the possession count, motion to dismiss the possession count for improper venue, or motion to sever.  Nor did it err in calculating his advisory guidelines range.

**AFFIRMED.**