[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11404

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KIEON JENNINGS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cr-60193-BB-1

_____

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Kieon Jennings appeals his 120-month sentence for intent to distribute fentanyl, cocaine, and cocaine base, and possession of a firearm in furtherance of a drug trafficking crime. He argues that the special condition of supervised release prohibiting him from associating with documented gang members while on supervised release is not reasonably related to sentencing goals, not factually supported, and violated his constitutional rights.

We normally review the imposition of special conditions of supervised release for abuse of discretion. *United States v. Taylor*, 338 F.3d 1280, 1283 (11th Cir. 2003). Under this standard of review, we will not reverse unless we have a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached. *Id.* Issues not briefed on appeal are deemed forfeited and will not be addressed absent extraordinary circumstances. *United States v. Campbell*, 26 F.4th 860, 871–72 (11th Cir. 2022) (*en banc*), *cert. denied*, 143 S. Ct. 95 (2022).

It is well-settled that disputed facts are not evidence upon which the district court can rely. *United States v. Rodriguez*, 732 F.3d 1299, 1305 (11th Cir. 2013). When a defendant challenges one of the factual bases of his sentence, the government has the burden of establishing the disputed fact by a preponderance of the evidence. *United States v. Little*, 864 F.3d 1283, 1290 (11th Cir. 2017). This burden must be satisfied with reliable and specific

evidence. *United States v. Martinez*, 584 F.3d 1022, 1027 (11th Cir. 2009). The preponderance of the evidence standard requires only that the trier of fact believes that the existence of a fact is more probable than its nonexistence. *United States v. Trainor*, 376 F.3d 1325, 1331 (11th Cir. 2004). In order to meet this standard, the evidence submitted to prove the existence of the fact in question must bear some indicia of reliability. *Id*. In short, the trier of fact must find the existence of a fact more probable than not in order to satisfy the standard. *United States v. Dimitrovski*, 782 F.3d 622, 628 (11th Cir. 2015).

A district court may order special conditions of supervised release so long as each condition: (1) is reasonably related to the nature and circumstances of the offense, history, and characteristics of the defendant; the need for adequate deterrence; the need to protect the public; and the need to provide the defendant with needed training, medical care, or correctional treatment in an effective manner; (2) involves no greater deprivation of liberty than is reasonably necessary to accomplish the goals of deterrence, protecting the public, and rehabilitation; and (3) is consistent with any pertinent policy statements issued by the Sentencing Commission. 18 U.S.C. § 3583(d)(1)–(3); *see* 18 U.S.C. § 3553(a)(1), (2)(B)–(D).

It is not necessary for a special condition to be supported by each relevant § 3553(a) factor; rather, each factor is an independent consideration to be weighed. *United States v. Tome*, 611 F.3d 1371, 1376 (11th Cir. 2010). While a condition of supervised release should not unduly restrict a defendant's liberty, a condition is not

invalid simply because it affects a probationer's ability to exercise constitutionally protected rights. *Id.*

Here, the district court abused its discretion in overruling Jennings's objections and imposing the gang association special condition of supervised release because the district court relied on disputed facts and the undisputed record failed to support the condition. *Taylor*, 338 F.3d at 1283; *Rodriguez*, 732 F.3d at 1305.

Jennings objected to the PSI's suggestion that he was a "documented gang member," pursuant to Florida Statue § 874.03, as well as to the PSI's inclusion of factual descriptions of alleged offense conduct in Paragraphs 38–47 and 49–61. Jennings then reiterated these objections during his sentencing hearing. Because Jennings challenged facts contained in the PSI that would be used as the factual basis for a special condition of supervised release, the burden shifted to the government to prove that Jennings was a "documented gang member" by a preponderance of the evidence using reliable and specific evidence. *Little*, 864 F.3d at 1290; *Martinez*, 584 F.3d at 1027. While the government initially opposed Jennings's objections through a written response and proffered evidence showing Jennings's gang ties, it withdrew its response and any opposition to Jennings's gang-related objections during the sentencing hearing. Realizing that the government had withdrawn its opposition to Jennings's objections and its proffer of evidence, the district court expressly said it was making no findings of fact with respect to any gang affiliations. *See* Sentencing Trans. Doc. 71 at 13, 14.

Due to Jennings's objections and the government's failure to prove the disputed facts, the record was devoid of any evidence that Jennings was a designated "documented gang member" under Florida Statute § 874.03, of any evidence of any gang membership with the Alwoods Gang, Gangster Disciples, or any other gang, or any affiliation or association with any gang. Because the record was devoid of evidence showing any gang ties whatsoever, the special condition of supervised release barring him from associating with documented gang members while on supervised release was not reasonably related to the nature and circumstances of the offense, history and characteristics of the defendant, the need for adequate deterrence, or the need to protect the public. 18 U.S.C. § 3583(d)(1). Additionally, the condition resulted in a greater deprivation of liberty than reasonably necessary to accomplish the goals of deterrence, protecting the public, and rehabilitation, and it was inconsistent with the pertinent policy statements issued by the Sentencing Commission. *Id.*(d)(2)–(3).

Therefore, we vacate Jennings's sentence as to the condition of supervised release that he challenges on appeal. Jennings's sentence apart from the special condition of supervised release at issue on appeal is affirmed because he forfeited any arguments regarding his sentence by not raising them on appeal. *Campbell*, 26 F.4th at

6                    Opinion of the Court                    22-11404

871–72.  This case is remanded for further proceedings not inconsistent with this opinion.[1]

**VACATED AND REMANDED.**

---

[1] Having vacated the special condition, we need not address Jennings's constitutional challenges thereto.