[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11728

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHRISTOPHER BUONOCORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cr-00402-SDM-JSS-1

_____

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Christopher Buonocore appeals his total sentence of 180 months' imprisonment for 6 counts of cyberstalking, in violation of 18 U.S.C. § 2261A(2)(B) and 2261(b). Buonocore asserts (1) the district court procedurally erred by refusing to allow him to present a treatment summary from his doctor in support of an objection at sentencing; (2) the district court procedurally erred by calculating his Guidelines range using the guideline for criminal sexual abuse; and (3) his sentence is substantively unreasonable. After review, we affirm Buonocore's sentence.

## I.  TREATMENT SUMMARY

The "interest being protected at sentencing is the right not to be sentenced on the basis of inaccurate or unreliable information." *United States v. Giltner*, 889 F.2d 1004, 1008 (11th Cir. 1992). "While due process requires that [a defendant] be afforded the opportunity to refute the information brought against him at sentencing, it does not require [the defendant] be given the opportunity to call and cross-examine witnesses to rebut the information." *Id.* (citation omitted).

The Federal Rules of Evidence do not apply at sentencing. Fed. R. Evid. 1101(d)(3). Sentencing courts "must allow the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence" and "may permit the parties to introduce evidence on the objections." Fed.

R. Crim. P. 32(i)(1)(C), (2).  U.S.S.G. § 6A1.3 provides "[w]hen any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor," and "the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy."  U.S.S.G. § 6A1.3(a).

The district court did not abuse its discretion by refusing to allow Buonocore to submit Dr. Jack Herskovits' treatment summary at his resentencing hearing.  *See Giltner*, 889 F.2d at 1008-09 (reviewing a district court's decision regarding "the kinds and form of information" it considers at sentencing for abuse of discretion). The court was not required to admit the report into evidence.  *See* Fed. R. Crim. P. 32(i)(2) ("The court *may* permit the parties to introduce evidence on the objections." (emphasis added)); U.S.S.G. § 6A1.3(b) (directing courts to resolve disputed sentencing factors according to Rule 32(i)).  The court heard Buonocore's argument relying on Dr. Herskovits' treatment summary, including apparent direct quotes therefrom, that medical evidence suggested Buonocore was only living out a "fantasy" with his online conduct and therefore his actions did not justify applying the higher offense level.  The court also considered the PSI's description of Buonocore's treatment with Dr. Herskovits and the treatment summary. Therefore, as it was required to do, the court allowed Buonocore "to comment on the probation officer's determinations and other matters relating to an appropriate sentence" and gave Buonocore

"an adequate opportunity to present information to the court regarding [the disputed sentencing] factor." Fed. R. Crim. P. 32(i)(1)(C); U.S.S.G. § 6A1.3.

As to Buonocore's argument the district court improperly refused to admit the treatment summary by reference to the Federal Rules of Evidence, the resentencing hearing transcript reflects only that the court inquired about whether the document had been stipulated or admitted into the record, and whether Dr. Herskovits had testified or been cross-examined, to determine whether the summary was reliable. U.S.S.G. § 6A1.3(a); *Giltner*, 889 F.2d at 1008. The court also did not reference the Federal Rules of Evidence, so the court did not invoke inapplicable rules in not admitting the report.

Finally, the court did not abuse its discretion by refusing to allow Buonocore to Zoom Dr. Herskovits into the proceeding. Due process did not require the opportunity to call Dr. Herskovits as a witness to rebut the application of the higher offense level, and considering Buonocore had ample opportunity to argue against the offense level in reliance on his treatment with Dr. Herskovits, it was reasonably within the district court's discretion to not let Dr. Herskovits testify so late in the proceedings. *See Giltner*, 889 F.2d at 1008. Accordingly, we affirm as to this issue.

## II. GUIDELINES RANGE

The Sentencing Guideline for stalking in violation of 18 U.S.C. § 2261A is § 2A6.2. U.S.S.G. § 2A6.2. That Guideline provides "[i]f the offense involved the commission of another criminal

offense," then the courts should apply the offense guideline "most applicable to that other criminal offense" if the resulting offense level would be greater. U.S.S.G. § 2A6.2(c)(1).

U.S.S.G. § 2A3.1 provides the offense level for criminal sexual abuse and attempt to commit criminal sexual abuse, offenses defined by 18 U.S.C. §§ 2241 and 2242. *Id.* § 2A3.1. Section 2242 criminalizes (1) "caus[ing] another person to engage in a sexual act by threatening or placing that other person in fear"; (2) "engag[ing] in a sexual act with another person" who is "incapable of appraising the nature of the conduct"; and (3) "engag[ing] in a sexual act with another person without that other person's consent, to include doing so through coercion," or attempts to do so. 18 U.S.C. § 2242. "Sexual acts" include penetration and "the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." *Id.* § 2246(2).

U.S.S.G. § 2A3.1 further provides "[i]f the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct," then courts should apply § 2G2.1 if the resulting offense level would be greater. U.S.S.G. § 2A3.1(c)(2). This cross-reference provision "is to be construed broadly and includes all instances where the offense involved employing, using, persuading, inducing, enticing, coercing, transporting, permitting, or offering or seeking by

6                      Opinion of the Court                   23-11728

notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct." *Id.* § 2A3.1, comment. (n.5(A)).

U.S.S.G. § 2G2.1 provides the offense level for exploiting a minor by production of sexually explicit material in violation of, as relevant here, 18 U.S.C. § 2251. U.S.S.G. § 2G2.1. Section 2251 applies to "[a]ny person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct." 18 U.S.C. § 2251(a). For purposes of § 2G2.1, "minors" are those who have not attained the age of 18. U.S.S.G. § 2G2.1, comment. (n.1).

The district court did not err in calculating Buonocore's offense level for Count Two.[1] First, the PSI, which was adopted in full by the court, correctly started at § 2A6.2 because Buonocore was convicted under 18 U.S.C. § 2261A. Next, the PSI correctly applied the cross-reference provision of § 2A6.2(c)(1) applicable if the offense involved "another criminal offense." That other criminal offense was attempted criminal sexual abuse under 18 U.S.C. § 2242 because of Buonocore's statements that "[he] honestly

---

[1] We generally review Sentencing Guidelines issues for abuse of discretion, but "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). We review the district courts' legal interpretation and application of the Guidelines *de novo*, and factual findings for clear error. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014).

would pay someone to [rape Victim Two]," "[he was] 100% serious [he] want[ed] to rape her or see her raped," "the money offer [was] a serious offer," and that he would provide "all the info [he] could [to] help to facilitate." It was not clearly erroneous for the court to find these undisputed statements, in addition to the undisputed fact that Buonocore had successfully rallied users on the internet to harass his other targets, established by a preponderance of the evidence that he attempted to cause another person to engage in a sexual act with Victim Two, who was under 16 at the time, within the meaning of § 2242. 18 U.S.C. §§ 2242, 2246(2); *United States v. Little*, 864 F.3d 1283, 1290 (11th Cir. 2017) (stating when a defendant challenges a factual basis of their sentence, the government has the burden of establishing the fact by a preponderance of the evidence).

Next, pursuant to the cross-reference in § 2A6.2(c)(1), the PSI correctly applied § 2A3.1 because that Guideline provides the offense level for attempted sexual abuse under § 2242. U.S.S.G. §§ 2A3.1, 2A6.2(c)(1). The PSI then also correctly applied the "broad" cross-reference provision in § 2A3.1(c)(2)—directing to § 2G2.1—because Buonocore's conduct involved not only attempted sexual abuse, but also an attempt to produce a visual depiction of sexually explicit conduct involving a minor. U.S.S.G. § 2A3.1(c)(2) & comment. (n.5(A)). Buonocore's conduct fit § 2A3.1(c)(2)'s "visual depiction" element, as his messages asked if "anyone [had] an Instagram and willing to try to get nudes from [Victim Two]" and if "[a]nyone [thought] they [could] get her to give up nude pics?" *See* U.S.S.G. § 2A3.1(c)(2). As above, it was not

clearly erroneous for the court to find that Buonocore's statements established by a preponderance of the evidence that he attempted to cause another person to entice or coerce Victim Two, who was under 18 at the time, to engage in sexually explicit conduct and produce a visual depiction of that conduct, within the meaning of 18 U.S.C. § 2251.

Buonocore's arguments that his statements were just fantasy—based on his mental health and the facts he did not privately message anyone or share certain pieces of information about Victim Two—are unpersuasive. To the contrary, there was sufficient evidence of criminal intent in this case because (1) Buonocore's messages allowed another user to identify Victim Two's school and caused her parents real concern, (2) he repeatedly stated that he was serious about getting someone to commit the Count Two offense, and (3) he had successfully rallied users to harass his other victims in the past. Accordingly, the district court did not clearly err in finding the record supported cross-reference to § 2G2.1 via § 2A6.2(c)(1) and § 2A3.1(c)(2) for the offense level for Count Two, and we affirm.

### III.  SUBSTANTIVE REASONABLENESS

We review substantive reasonableness, including that of variances, for abuse of discretion. *Gall*, 552 U.S. at 51. Under this standard, we will only vacate a sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving

at a sentence that lies outside the range of reasonable sentences." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*).

The § 3553(a) factors include the nature of the offense and the characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence, and protect the public; the kinds of sentences available; and the need to avoid unwarranted disparities among similar defendants. 18 U.S.C. § 3553(a). A district court commits a substantive error, and abuses its discretion, "when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Irey*, 612 F.3d at 1189. However, the weight a district court gives to any factor is "a matter committed to [its] sound discretion." *United States v. Rodriguez*, 34 F.4th 961, 969 (11th Cir. 2022). Further, while major variances require more significant justifications than minor ones, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51; *Irey*, 612 F.3d at 1187.

Buonocore's sentence is not substantively unreasonable. The court did not fail to afford consideration to Buonocore's mental health, or any other relevant factor weighing in favor of mitigation, because those subjects were raised in the PSI and at the sentencing hearing. Instead, the court chose, after consideration of the record and as it was entitled to do as a matter committed to its discretion, to assign relatively more weight to the nature and severity

of the offenses.  There was evidence that several of the victims' mental health and careers were seriously and permanently affected—with, for example, Victim One attempting suicide and Victim Three losing her job—and that Buonocore's conduct was both frequent and sustained over a long period of time.  Those same considerations, as well as the court's finding that Buonocore's conduct was "outside the mainstream," supported its decision to impose an upward variance from the Guidelines range of 108 to 135 months to a sentence of 180 months.

Accordingly, Buonocore has not carried the burden of demonstrating the district court committed a clear error of judgment in considering the § 3553(a) factors, and we affirm.  *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010) (stating the party challenging the sentence bears the burden of establishing it is unreasonable).

**AFFIRMED.**