[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-13235

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

NICHOLAS ALLEN WALKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:21-cr-00059-MCR-1

_____

Before NEWSOM, ABUDU, and MARCUS, Circuit Judges.

PER CURIAM:

Nicholas Walker appeals his sentence of 240 months' imprisonment for the receipt and distribution of child pornography, arguing that the district court committed plain error by applying a 5-level increase under U.S.S.G. § 2G2.2(b)(3)(B). On appeal, Walker says that the district court plainly erred by applying the five-level increase because there was no evidence that he specifically agreed to an exchange with another person under which he knowingly distributed child pornography to that person with the specific purpose of obtaining child pornography from that same person. After thorough review, we affirm.

We review unpreserved sentencing objections for plain error. *United States v. Corbett*, 921 F.3d 1032, 1037 (11th Cir. 2019). To establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007). If the defendant satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* "An error is plain when it contradicts precedent from the Supreme Court or our Court directly resolving the issue." *United States v. Cruickshank*, 837 F.3d 1182, 1191 (11th Cir. 2016).

"When a defendant challenges one of the factual bases of his sentence, the government must prove the disputed fact by a

preponderance of the evidence." *Corbett*, 921 F.3d at 1037 (quoting *United States v. Aguilar-Ibarra*, 740 F.3d 587, 592 (11th Cir. 2014)). However, a district court may "base its factual findings on undisputed statements in the [presentence investigation report ("PSI")], because a defendant is deemed to have admitted any such statements that he has not objected to." *Aguilar-Ibarra*, 740 F.3d at 592. Further, a "defendant's failure to object to conclusory statements in the [PSI] renders those statements undisputed and permits the sentencing court to rely upon them without error even if there is an absence of supporting evidence." *Id.*

Section 2G2.2(b)(3) imposes a five-level enhancement for a child pornography offense "[i]f the defendant distributed in exchange for any valuable consideration, but not for pecuniary gain." U.S.S.G. § 2G2.2(b)(3)(B). The current language of § 2G2.2(b)(3)(B) represents a change from the pre-2016 Guidelines, which applied a five-level enhancement if the offense involved "[d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." *Id.* § 2G2.2(b)(3)(B) (2015). Thus, the new version of the Guideline replaces "for the receipt, or expectation of receipt, of" for "in exchange for," and replaces "a thing of value" for "any valuable consideration." Although we have not yet interpreted the amended Guideline in a published opinion, we held that a defendant qualified for a five-level enhancement under its pre-2016 version, "[w]hen [he] trades child pornography in exchange for other child pornography." *United States v. Little*, 864 F.3d 1283, 1290 (11th Cir. 2017) (quotations omitted). Notably, in our reading of the earlier guideline, we already used the phrase "in exchange

for" instead of "for the receipt, or expectation of receipt, of," just as the amended Guideline does.

Here, Walker did not raise any objection in district court to the court's application of the five-level enhancement under § 2G2.2(b)(3)(B), so we review his claim for plain error. *Corbett*, 921 F.3d at 1037. Nor, importantly, did Walker object to any factual statements contained in the PSI, including the PSI's conclusory statements that he traded and requested to trade child pornography with other individuals. At sentencing, the district court and the government even repeated some of the relevant facts stated in the PSI concerning his trading of images, and Walker did not object at that time either. As a result, Walker is deemed to have admitted the undisputed factual statements in the PSI, and the district court was entitled to rely on them at sentencing. *Aguilar-Ibarra*, 740 F.3d at 592.

Based on the undisputed statements in the PSI -- including that Walker traded images and videos of child pornography with other individuals -- the district court did not plainly err in concluding that Walker had "distributed in exchange for valuable consideration, but not for pecuniary gain" within the meaning of § 2G2.2(b)(3)(B). Under the plain language of the Guideline, distributing child pornography "in exchange for" other child pornography clearly encompasses instances in which a defendant "trades" child pornography for other child pornography; it is difficult to imagine an "exchange" that could not just as easily be described as a "trade." Indeed, we squarely held -- in a case involving the earlier

version of this Guideline, which used "a thing of value" instead of "any valuable consideration" -- that the enhancement applies when a defendant "trades child pornography *in exchange for* other child pornography." *Little*, 864 F.3d at 1290 (emphasis added). Walker has not pointed us to any binding authority that suggests that the amended Guideline would not equally apply to his case, nor do we see any meaningful distinction in the plain language of the amended Guideline -- especially where, as here, the uncontested statements in the PSI reflected that Walker traded child pornography with other individuals for more child pornography. Therefore, Walker has not shown that the district court plainly erred in applying the five-level enhancement found in § 2G2.2(b)(3)(B).

Similarly, to the extent Walker argues that the district court should have made more detailed factual findings in order to impose § 2G2.2(b)(3)(B)'s five-level enhancement, Walker does not point to any precedent from our Court or the Supreme Court that places any requirement like this on the district court. *See Cruickshank*, 837 F.3d at 1191. Accordingly, he has not shown that the district court plainly erred in this regard either, and we affirm.

**AFFIRMED.**