**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10653

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

RAJESH MOTIBHAI PATEL,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cr-00133-WMR-JEM-1

_____

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Dr. Rajesh Patel appeals his convictions, concurrent prison sentences, and terms of supervised release for depriving a patient of her right to bodily integrity in violation of 18 U.S.C. § 242 and

abusive sexual contact in violation of 18 U.S.C. § 2244(b). Patel contends that we should vacate his section 242 conviction because he lacked fair warning that his conduct violated a clearly established right and the district court improperly instructed the jury about the offense. He separately argues that we should vacate both convictions because there was insufficient evidence that his contact with the patient's genitalia lacked a legitimate medical purpose and that he intended to abuse, humiliate, harass, degrade, arouse, or gratify someone with the contact. Patel further contends that we should vacate his sentence for violating section 242 because the district court allegedly double-counted that his actions took place under color of law in calculating his sentence. And Patel asserts that his term of supervised release is substantively unreasonable because the district court improperly weighed a sentencing factor. After careful review, we **AFFIRM** the district court.

## I.

In 2020, A.H. visited Patel at a veterans' hospital for a pelvic examination and birth control consultation. She testified at trial that Patel closed the blinds and turned off the lights in her exam room. She explained that he massaged her clitoris for what felt like a minute and later moved his fingers into and out of her vagina several times. She told the jury that she felt uncomfortable and asked him, "[a]re you good?" Doc. 143 at 77. He did not reply.

At the end of her appointment, A.H. asked a nurse if it was normal for a doctor to massage a patient's clitoris during a pelvic

exam and began to cry. A.H. then reported the incident to the police. A grand jury later indicted Patel, and after a trial, he was convicted of depriving A.H. of her right to bodily integrity in violation of 18 U.S.C. § 242 and abusive sexual contact in violation of 18 U.S.C. § 2244(b).

At sentencing, the district court concluded that Patel had a base offense level of twelve for depriving A.H. of her rights. It enhanced his offense level to eighteen under United States Sentencing Guidelines Manual § 2H1.1(b)(1) (Nov. 2023). And it sentenced him to a total of two years in prison and fifteen years of supervised release. The district court disallowed Patel from practicing medicine as a condition of his supervised release to keep him from abusing patients. He appealed his conviction and sentence.

## II.

We begin with Patel's argument that the district court should have dismissed the count of violating 18 U.S.C. § 242 from his indictment because he lacked fair warning that his conduct violated A.H.'s rights. Patel did not move to dismiss this count in the district court, so we review the issue for plain error. *See United States v. Innocent*, 977 F.3d 1077, 1081 (11th Cir. 2020) (citing *United States v. Reed*, 941 F.3d 1018, 1021 (11th Cir. 2019)). Patel bears the burden of establishing that a plain error occurred. *United States v. Laines*, 69 F.4th 1221, 1234 (11th Cir. 2023). To establish plain error, he must prove that the district court committed (1) an error (2) that is plain and (3) affected Patel's substantial rights. *United States v. Moore*, 22 F.4th 1258, 1266 (11th Cir. 2022) (citing *United States v.*

*Madden*, 733 F.3d 1314, 1320 (11th Cir. 2013)). An error cannot be plain unless "the explicit language of a statute or rule or on point precedent from the Supreme Court or this Court" specifically resolves the issue. *United States v. Sanchez*, 940 F.3d 526, 537 (11th Cir. 2019) (citing *United States v. Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015)). Because Patel does not prove that any statute, rule, or case specifically resolves whether the district court erred, he does not meet his burden.

Criminal liability attaches to Patel under section 242 only if he had "fair warning" that his actions violated A.H.'s constitutional rights. *See United States v. Hill*, 99 F.4th 1289, 1300 (11th Cir. 2024) (citing *United States v. Lanier*, 520 U.S. 259, 267 (1997)). The fair warning inquiry turns on whether case law, a statute, or the Constitution made it clear when Patel met A.H. that his conduct violated her rights. *See Lanier*, 520 U.S. at 267. Patel argues that four cases establish that he lacked fair warning because they prove that his alleged conduct did not violate the Due Process Clause of the Fourteenth Amendment. But Patel's cases confirm that whether conduct violates someone's Fourteenth Amendment rights, like the right to bodily integrity at issue here, *Conner v. Sticher*, 801 F.2d 1266, 1268 (11th Cir. 1986), generally "depend[s] on a given case's factual setting," *see Nix v. Franklin Cnty. Sch. Dist.*, 311 F.3d 1373, 1375 (11th Cir. 2002).

And Patel's cases do not match his factual setting because they are not about sexual contact or medical care. *See County of Sacramento v. Lewis*, 523 U.S. 833, 854 (1998) (examining whether a

high-speed chase violated someone's Fourteenth Amendment rights); *Nix*, 311 F.3d at 1374 (determining whether a teacher violated a students' rights by running 700 volts of electricity through a partially-exposed wire during a science demonstration); *T.W. ex rel. Wilson v. Sch. Bd. of Seminole Cnty.*, 610 F.3d 588, 594–97 (11th Cir. 2010) (examining whether a teacher violated a student's rights by physically restraining, tripping, and verbally abusing him); *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009) (considering whether a jailor's use of force against a pretrial detainee was excessive under the Fourteenth Amendment), *abrogated on other grounds by*, *Kingsley v. Hendrickson*, 576 U.S. 389 (2015). Their specific holdings about the constitutionality of high-speed chases, science demonstrations, and physical force thus do not establish that Patel's sexual actions in the medical setting were constitutional.

Patel's cases also lack any general holdings about Fourteenth Amendment rights that establish that he lacked fair warning or that his conduct was constitutional. None of the cases discuss fair warning. *See Lewis*, 523 U.S. 833; *Nix*, 311 F.3d 1373; *T.W.*, 610 F.3d 588; *Fennell*, 559 F.3d 1212, *abrogated on other grounds by*, *Kingsley*, 576 U.S. 389. And although *Nix* holds that merely negligent conduct does not violate the Due Process Clause, 311 F.3d at 1375, Patel's indictment alleged that he willfully—not negligently—violated A.H.'s rights. So Patel failed to meet his burden to prove that a statute, rule, or on point precedent forbid the district court from trying him for violating 18 U.S.C. § 242.

**III.**

We turn to Patel's arguments that the jury lacked a sufficient evidentiary basis to determine that he engaged in sexual contact with A.H. without a legitimate medical purpose and with the intent to abuse, humiliate, harass, degrade, arouse, or gratify someone. We review *de novo* the sufficiency of the evidence supporting Patel's criminal conviction, drawing all reasonable inferences and making all credibility choices in the government's favor. *United States v. Williams*, 865 F.3d 1328, 1337 (11th Cir. 2017) (first citing *United States v. Walker*, 490 F.3d 1282, 1296 (11th Cir. 2007); and then citing *United States v. Haile*, 685 F.3d 1211, 1219 (11th Cir. 2012)). We will reverse Patel's conviction based on insufficient evidence only if no reasonable trier of fact could have found him guilty beyond a reasonable doubt. *Id.* at 1337 (citing *Walker*, 490 F.3d at 1296).

Here, a reasonable jury could have concluded beyond a reasonable doubt that Patel engaged in sexual contact with A.H. without a legitimate medical purpose. A.H. told the jury that Patel massaged her clitoris for about a minute. Medical experts told the jury that a doctor should not rub or massage a patient's clitoris. A.H. also told the jury that Patel inserted his fingers into her vagina three times. Experts told the jury that most pelvic exams only require a doctor to insert her fingers once and that doctors insert their fingers twice on the rare occasions that require more contact. Because the jury heard testimony that Patel touched A.H.'s genitalia in ways

that were not medically necessary, it had a sufficient basis to conclude that he engaged in sexual contact without a legitimate medical purpose.

Patel's counterarguments are not convincing. He asserts that the jury could not have reasonably believed A.H.'s testimony because she gave it more than four years after her appointment with Patel. But A.H.'s testimony was about facts that she observed, so the jury was free to find it reliable. *See United States v. Thompson*, 422 F.3d 1285, 1291 (11th Cir. 2005). He also argues that no expert testified that it is improper for a doctor to insert his fingers into a patient's vagina three times. But an expert who explained "generally . . . how to perform these types of exams," testified that doctors insert their fingers twice when one time is insufficient. Doc. 143 at 198. That testimony enabled a jury to reasonably infer that Patel inserted his fingers a third time without a legitimate medical purpose.

The jury also could have reasonably inferred beyond a reasonable doubt that Patel intended to abuse A.H. or arouse or gratify his or A.H.'s sexual desires with the medically unnecessary contact. Along with the testimony above, the jury heard that pelvic exams normally take place in well-lit rooms, but Patel turned off the lights before A.H.'s exam. Although a nurse was present for the exam, the nurse could not see Patel conduct the exam from her position in the room. And witnesses explained that Patel did not stop or reply when A.H. became agitated and asked him if he was "good" during the exam. There was sufficient evidence for the jury

to infer that Patel intended to abuse A.H. or arouse or gratify a sexual desire.

## IV.

We next consider Patel's argument that the district court gave the jury the wrong instruction about the right to bodily integrity. We normally review challenges to jury instructions that were not raised in the district court for plain error. *United States v. McLellan*, 958 F.3d 1110, 1118 (11th Cir. 2020) (citing *Reed*, 941 F.3d at 1020). But we are precluded from reviewing Patel's challenge if he invited the alleged error. *See United States v. Maradiaga*, 987 F.3d 1315, 1322 (11th Cir. 2021) (citing *United States v. Harris*, 443 F.3d 822, 823–24 (11th Cir. 2006)).

Patel invited this alleged error by proposing the jury instructions that he now challenges as deficient. Proposing a jury instruction and then challenging it on appeal is "a textbook case of invited error." *Maradiaga*, 987 F.3d at 1322. So we decline to review Patel's challenge.

Patel argues that he did not invite the error because the instruction originated with the Government. But the parties jointly proposed the instruction to the district court, so Patel invited the error. *United States v. Bird*, 79 F.4th 1344, 1353 (11th Cir. 2023).

## V.

We turn to Patel's argument that his sentence for depriving A.H. of her right to bodily integrity is procedurally unreasonable because the district court double counted that he acted under color

of law when it calculated his sentence. We review *de novo* a claim of double counting. *United States v. Little*, 864 F.3d 1283, 1291 (11th Cir. 2017) (citing *United States v. Dudley*, 463 F.3d 1221, 1226 (11th Cir. 2006)). Impermissible double counting occurs "only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been *fully accounted for* by application of another part of the Guidelines." *United States v. Deleon*, 116 F.4th 1260, 1264 (11th Cir. 2024) (quoting *Dudley*, 463 F.3d at 1226–27).

Patel argues that the district court considered that his action took place under color of law when it calculated his base offense level and then weighed the same factor again to enhance his sentence under U.S.S.G. § 2H1.1(b)(1). We disagree. The district court calculated Patel's base offense level under United States Sentencing Guidelines Manual § 2H1.1(a)(1) (Nov. 2023). That provision applies to "[o]ffenses [i]nvolving [i]ndividual [r]ights," and borrows its offense levels "from the offense guideline applicable to the underlying offense." U.S.S.G. § 2H1.1(a). The Guideline applicable to Patel's underlying offense is United States Sentencing Guidelines Manual § 2A3.4(a)(3) (Nov. 2023), which assigns Patel a base offense level of twelve for "[a]busive [s]exual [c]ontact." Doc. 153 at 26. Neither of these Guidelines fully accounts for the harm from Patel acting under color of law because each is focused on a different kind of harm: either harm to individual rights, U.S.S.G. § 2H1.1, or abusive sexual contact, U.S.S.G. § 2A3.4. Because Patel's base offense level did not fully account for the harm of his actions oc-

curring under color of law, the district court could not have impermissibly double counted that factor through a single sentence enhancement.

## VI.

We now address Patel's argument that his fifteen years of supervised release are substantively unreasonable because the district court incorrectly weighed the need to protect the public. Patel did not present this issue to the district court, so we review for plain error. *See United States v. Etienne*, 102 F.4th 1139, 1144 (11th Cir. 2024) (citing *United States v. Moran*, 573 F.3d 1132, 1137 (11th Cir. 2009)).

Patel does not carry his burden to establish plain error because he does not identify any statutes, rules, or on-point precedents that prove that the district court unreasonably balanced the need to protect the public against the other sentencing factors in his case. *Sanchez*, 940 F.3d at 537 (citing *Hesser*, 800 F.3d at 1325). Instead, Patel argues that the facts of his case—that he will be more than seventy years old when he begins supervised release and acted in a medical setting—establish that he is of little danger to the public outside the exam room. Because Patel cites no legal authority that resolves whether the district court overweighted the need to protect the public on these facts, he does not establish plain error.

## VII.

The conviction and sentence are **AFFIRMED**.