**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-14349

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

SHANTIA DAMETRIUS STOVALL,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:24-cr-00467-RDP-NAD-1

————————————

Before LAGOA, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Shantia Stovall appeals his sentence of 60 months' imprisonment for possessing a firearm as a convicted felon. He contends that the district court improperly considered the U.S.S.G. § 2A1.2

cross-reference for attempted murder by applying the Alabama state definitions of murder and attempted murder. Stovall and the government jointly move for summary reversal, arguing that insufficient evidence supported the § 2A1.2 cross-reference under either the federal or state definition.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). A motion for summary reversal postpones the due date for the filing of any remaining brief until we rule on the motion. 11th Cir. R. 31-1(c).

We review de novo the district court's application of the Guidelines and review factual findings for clear error. *United States v. Little*, 864 F.3d 1283, 1290 (11th Cir. 2017). A factfinding that is clearly erroneous leaves us with the "definite and firm conviction that a mistake has been committed." *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010) (quoting *United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1137 (11th Cir. 2004)).

"When a defendant challenges one of the factual bases of his sentence, the government must prove the disputed fact by a preponderance of the evidence." *United States v. Corbett*, 921 F.3d 1032,

1037 (11th Cir. 2019) (quotation marks omitted). "This burden requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012) (quotation marks omitted). A district may base factual findings at sentencing on facts admitted by the defendant's guilty plea, undisputed statements in the presentence investigation report ("PSI"), or evidence presented at the sentencing hearing. *United States v. Matthews*, 3 F.4th 1286, 1289 (11th Cir. 2021). However, "absent a stipulation or agreement between the parties, an attorney's factual assertions at a sentencing hearing do not constitute evidence that a district court can rely on." *United States v. Washington*, 714 F.3d 1358, 1361 (11th Cir. 2013).

If a defendant convicted under 18 U.S.C. § 922(g)(1) possessed a firearm in connection with the commission or attempted commission of another offense, then U.S.S.G. § 2X1.1 applies with respect to that other offense so long as the resulting offense level is greater than that determined in U.S.S.G. § 2K2.1. U.S.S.G. § 2K2.1(c)(1)(A) (2024). The base offense level is thus "[t]he base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty." *Id.* § 2X1.1(a). Under the guideline provision for assault with intent to commit murder or attempted murder, the base offense level is 33 "if the object of the offense would have constituted first degree murder"; or 27, otherwise. *Id.* § 2A2.1(a).

Here, the parties are clearly correct as a matter of law because the district court clearly erred by relying on the disputed findings in the PSI and the government's counsel's statements at the sentencing hearing. *See Groendyke Transp., Inc.*, 406 F.2d at 1162; *Rothenberg*, 610 F.3d at 624. Stovall entered a blind guilty plea and admitted to the elemental facts necessary to prove Count 1. At sentencing, the district court overruled the objection to the § 2A2.1 cross-reference based on these admissions as well as the facts alleged in the PSI and the government's counsel's claim that, at the time of the offense conduct, several bystanders were in the parking lot. However, Stovall objected to the facts alleged in the PSI and there is no support in the record for the allegation that multiple bystanders were in the parking lot during the offense conduct. *See Matthews*, 3 F.4th at 1289; *Washington*, 714 F.3d at 1361. Moreover, no facts were stipulated by the parties, and no additional testimony or evidence was submitted at the sentencing hearing. Thus, the government failed to demonstrate by a preponderance of the evidence that the § 2A2.1 cross-reference was properly applied. *See Corbett*, 921 F.3d at 1037; *Almedina*, 686 F.3d at 1315. Because insufficient evidence supported the application of the § 2A2.1 cross-reference, we need not address Stovall's contentions concerning whether the federal or Alabama state definitions of murder and attempted should have been used.

Accordingly, we GRANT the parties' joint motion for summary reversal of the sentence imposed by the district court. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

**VACATED and REMANDED.**